IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. ) |
| v. | 1:08-cv-0947-WTL-TAB ) ) COMPLAINT |
| RMG COMMUNICATIONS, LLC, d/b/a BLOOM MARKETING GROUP, | ) ) ) JURY TRIAL DEMAND |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race and disability and to provide appropriate relief to Bonita Lucas, who was adversely affected by such practices. As stated with greater particularity in paragraph 8 below, the Commission alleges that the Defendant subjected Bonita Lucas, a qualified individual with a disability, to disparate terms and conditions of employment because of her race, Black, and discharged her due to her race, Black, and disability, diabetes.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3); Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1)

and (3) of Title VII; and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and Title I of the ADA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII.

4.  At all relevant times, Defendant RMG Communications, LLC, d/b/a Bloom Marketing Group ("Employer") has continuously been a limited liability corporation, doing business in the State of Indiana and the City of Bloomington, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), and Section 101(5) of the ADA, 42 U.S.C. § 12117(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.  At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Bonita Lucas filed a charge with the Commission alleging violations of Title VII and the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 5, 2007, Defendant Employer has engaged in unlawful employment practices at its Bloomington, Indiana, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), and Section 102 of the ADA, 42 U.S.C. § 12112. Defendant Employer subjected Bonita Lucas, a qualified individual with a disability, to disparate terms and conditions of employment due to her race, Black, and discharged her due to her race, Black, and disability, diabetes.

9. The effect of the practices complained of in paragraph 8 above have been to deprive Bonita Lucas of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race and disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Bonita Lucas.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting African Americans and qualified individuals with disabilities to disparate terms

3

and conditions of employment and discharging them because of their race and disability.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Bonita Lucas by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Bonita Lucas.

D.  Order Defendant Employer to make whole Bonita Lucas by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including job search expenses, relocation expenses, and medical expenses, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Bonita Lucas by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Bonita Lucas punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
Phone: (317) 226-7949
Fax: (317) 226-5571
E-mail: joann.farnsworth@eeoc.gov